MANION, Circuit Judge,
concurring.
I am pleased to join the court’s thorough and scholarly opinion. After examining many of the problems, the court reaches the correct conclusion that the actions of the police officers were well within the shelter of qualified immunity provided by state and federal judicial opinions interpreting and applying the Fourth Amendment. I write separately only with the hope of encouraging legislatures to provide for a judicially-issued civil warrant process that would authorize law enforcement to enter someone’s home when there is probable cause to believe that she poses a risk to herself or others because of mental illness.
In this case we are able to determine that exigent circumstances justified the police forcing their way into a private dwell *580 ing in order to protect the owner. But there was no other legal authority to enter her home against her will.
I recognize that allegations of mental health risks can have dramatic implications on privacy, liberty, and property rights. After receiving some due process, those determined to be mentally ill may lose certain fundamental rights, the same as a criminal. See 18 U.S.C. § 922(d); Jana R. McCreary, “Mentally Defective” Language in the Gun Control Act, 45 Conn. L.Rev. 813 (2013). What we do not seem to have is a law that strikes a balance that protects those rights at least as much as it does the rights of the criminally accused, while still allowing for swift and effective responses by the police. Here, exigent circumstances enabled the police to bypass some legal barriers. But in very limited circumstances, as here, when the police are positioned to enter a private home against the owner’s will, it would be very helpful, for example, if the state legislature of Wisconsin were to amend Wis. Stat. § 51.15 to allow the option of having what in this case is called the “Statement of Emergency Detention” approved by a judge. Then, the document could be a sort of civil warrant on par with an arrest warrant. It would allow the police to rely on the document to enter the home when the owner-occupant is believed to pose a risk to herself or others. -By providing the police with the ability to obtain a civil warrant prior to entering the home of such a person, they will have a more clearly established method that is safely within the confínes of the law and which -protects personal property and privacy.
Because the court resolved the issues before it consistent with controlling precedent, I fully concur.